UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA ROBINSON,<br><br>    Plaintiff,<br><br>    v.<br><br>PETER WALL, *et al.*,<br><br>    Defendants. | Case No. 2:18-cv-00885-TLN-CKD<br><br>**SUA SPONTE REMAND ORDER** |

This matter is before the Court pursuant to Defendants Peter Wall and Dean Eads's ("Defendants") Notice of Removal. (ECF No. 1.) For the reasons discussed below, the Court remands the action to the Placer County Superior Court, due to lack of subject-matter jurisdiction.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On March 2, 2018, Plaintiff Gina Robinson ("Plaintiff") brought an action against Defendants for possession of the real property known as 6990 Auburn Folsom Road, Granite Bay, California ("the Property"). (ECF No. 1 at 11.) In her complaint, Plaintiff alleges Defendants were month-to-month tenants who did not pay the monthly rent due for February 2018 by the late deadline of February 5, 2018. (ECF No. 1 at 11.) Plaintiff alleges she served Defendants with a 3-day notice to pay rent or quit, but Defendants did not pay and continued to occupy the Property. (ECF No. 1 at 11–13.) On April 11, 2018, Defendants filed a Notice of Removal removing this unlawful detainer action from the Placer County Superior Court. (ECF No. 1.)

## II. STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, as amended, 387 F.3d 966 (9th Cir. 2004), cert. denied 544 U.S. 974 (2005).

The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. Removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question, whether filed in state court or federal court. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

## III. ANALYSIS

Defendants argue that the Fair Housing Act 42 U.S.C. § 3601 ("FHA") gives rise to a federal question in this matter because FHA protects persons with disabilities from discrimination by housing providers, such as landlords, and both Defendants are disabled. (ECF No. 1 at 2 ¶¶ 7–8.) Defendants also argue civil rights violations by Plaintiff "and her agents" give rise to a federal question in this matter, including making threats, using derogatory terms, cutting off the water, taking Defendants' property such as a passport, clothing, and animals, filing false criminal charges against Defendants, human trafficking by forcing Defendants to work on the Property without pay and to also pay rent, threatening deportation, and beatings to force Defendants' continued work without pay. (ECF No 1 at 2 ¶ 9.)

In her complaint, Plaintiff asserts only an unlawful detainer claim and no claims under any federal laws. (ECF No. 1 at 11–13.) Under the well-pleaded complaint rule, "federal [question] jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. Plaintiff relies on state law and does not mention expressly or impliedly any federal law. The well-pleaded complaint rule makes the plaintiff the master of her claim, so she may avoid federal jurisdiction by basing her claim exclusively on state law, as is the case here. *Caterpillar*, 482 U.S. at 392.

Defendants assert subject matter jurisdiction by alleging violations of the FHA and federal civil rights law. However, removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question, whether filed in state court or federal court. *See Vaden*, 556 U.S. at 49; *Hunter v. Philip Morris USA*, 582 F.3d at 1042–43. While Defendants contend that Plaintiff has violated federal law, this assertion relates only to an affirmative defense or potential counterclaim, which is not considered in evaluating whether a federal question appears on the face of a plaintiff's complaint. See *Vaden*, 556 U.S. at 60-62. "[A] counterclaim — which appears as part of the defendant's answer, not as part of the plaintiff's complaint — cannot serve as the basis for 'arising under' jurisdiction." *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).

The only cause of action Plaintiff asserts is unlawful detainer, which arises under state law and not under federal law. Thus, this action does not arise under federal law and no other grounds for federal jurisdiction are apparent. Therefore, it is appropriate to remand this case, *sua sponte*, for lack of federal jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte,* whether the parties raised the issue or not.").

///
///
///
///
///

## IV. CONCLUSION

Thus for the reasons stated above, the Court hereby REMANDS this action to the Superior Court of California, County of Placer.

IT IS SO ORDERED.

Dated: April 12, 2018

Troy L. Nunley
United States District Judge